**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jose Alexander GARCIA–HERNAN-DEZ, aka Jose Garcia–Hernandez, Defendant—Appellant.**

**No. 05–50240.**

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Filed May 9, 2006.

Christopher M. Alexander, Esq., U.S. Attorney, Office of the U.S. Attorney, San Diego, CA, for Plaintiff-Appellee.

Todd W. Burns, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant-Appellant.

Before: HALL, THOMAS, and TALLMAN, Circuit Judges.

MEMORANDUM **

Jose Garcia–Hernandez appeals his conviction and sentence for being a deported alien found in the United States, in viola-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tion of 8 U.S.C. § 1326. We affirm. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.

Garcia–Hernandez argues that the district court erred in not suppressing his post-*Miranda* statements. He argues that his *Miranda* waiver was ineffective because his *Miranda* rights were read to him in the middle of the interrogation, and therefore his post-*Miranda* statements should have been suppressed. *See Missouri v. Seibert*, 542 U.S. 600, 124 S.Ct. 2601, 159 L.Ed.2d 643 (2004) (plurality opinion); *United States v. Williams*, 435 F.3d 1148 (9th Cir.2006).

Garcia–Hernandez was read his administrative rights when he was apprehended. He was then advised that his case would proceed as a criminal matter, not an administrative one, and was read his *Miranda* rights. He then knowingly and voluntarily waived his *Miranda* rights. Any error committed by the Border Patrol Agents was harmless, and any taint was dissipated because Garcia–Hernandez was fully informed of his rights and made a knowing and voluntary waiver of them.

The other issues raised by Garcia–Hernandez are without merit. We therefore affirm Garcia–Hernandez's conviction and sentence.

**AFFIRMED.**

THOMAS, Circuit Judge, dissenting.

I respectfully disagree with the majority's conclusion that Garcia–Hernandez knowingly and voluntarily waived his *Miranda* rights. In *United States v. San Juan–Cruz*, 314 F.3d 384 (9th Cir.2002), we held that a *Miranda* warning following an administrative warning was inadequate. We noted that "[w]hen one is told clearly that he or she does not have the right to a lawyer free of cost and then subsequently advised, 'if you can't afford a lawyer, one will be appointed for you,' it is confusing."

*Id.* at 388. Therefore, we held that "[r]equiring someone to sort out such confusion is an unfair burden to impose on an individual already placed in a position that is inherently stressful." *Id.*

Here, Garcia–Hernandez was given his administrative rights at least twice before being Mirandized. Further, he had been fingerprinted and his criminal record had already come into the Border Patrol Station. Garcia–Hernandez was subjected to successive questioning on the same issues- at the car by the side of the road, at the border patrol station prior to the *Miranda* warning, and after the *Miranda* warning. We held in *San Juan–Cruz* that "[w]hen a warning, not consistent with *Miranda*, is given prior to . . . a *Miranda* warning, the risk of confusion is substantial, such that the onus is on the Government to clarify to the arrested party the nature of his or her rights under the Fifth Amendment." 314 F.3d at 389. Here the agents only testified that they advised Garcia–Hernandez that his administrative rights "would no[ ] longer be valid at all." When questioned further, the agent in this case was only able to state that "[i]t's common practice . . . to go ahead and let him know the difference of what the two [types of rights] are." However, despite several questions on the issue, the agent was unable to explain how agents distinguished between the two sets of rights in this case or in general.

I would hold that the *Miranda* warning was inadequate to advise Garcia–Hernandez of his rights under the Fifth Amendment. Further, it is clear that the admission of his statement was not harmless. As in *San Juan–Cruz*, "without [Garcia–Hernandez's] admissions, the Government's burden at trial would have been substantially more difficult to meet." 314 F.3d at 390. Similarly, the evidence aside from the statement in both cases as to the

disputed issues was "largely circumstantial." *Id.*

Further, even assuming that the Garcia–Hernandez's rights under *Miranda* were not violated, I would remand his case to the district court pursuant to *United States v. Williams,* 435 F.3d 1148 (9th Cir.2006). In interpreting *Missouri v. Seibert,* 542 U.S. 600, 124 S.Ct. 2601, 159 L.Ed.2d 643 (2004) (plurality opinion), we held that "a trial court must suppress post-warning confessions obtained during a deliberate two-step interrogation where the midstream *Miranda* warning-in light of the facts and circumstances-did not effectively apprise the suspect of his rights." *Williams,* 435 F.3d at 1157. There, we reversed and remanded the case to the district court to allow it to determine "whether objective evidence and any available subjective evidence, such as an officer's testimony, support an inference that the two-step interrogation procedure was used to undermine the *Miranda* warning." *Id.* at 1158. Should the court find that the agents deliberately employed midstream warnings, we advised that it should then determine if the second warning "adequately and effectively apprised the suspect that he had 'a genuine choice whether to follow up on [his] earlier admission.'" *Id.* at 1160 (quoting *Seibert,* 542 U.S. at 616, 124 S.Ct. 2601). Therefore, Garcia–Hernandez's conviction should at the least be remanded for a new suppression hearing pursuant to *Williams.*